(Surrogate's Court, New York County. November, 1898.)

GUARDIANS—ELIGIBILITY—NONRESIDENT ALIENS.

Code Civ. Proc. § 2852, making objections to the issuing of letters testamentary to executors applicable to the issuance of letters of testamentary guardianship, precludes an issuance of letters of testamentary guardianship to a nonresident alien.

In the matter of the estate of Magdalena Zeller, deceased, Ferdinand Roscher makes application for letters of testamentary guardianship. Denied.

Philip F. Schmitt, for petitioner.

ARNOLD, S. The decedent, who was a resident of this county, by her will, which has been duly admitted to probate here, appointed, as testamentary guardian of one of her minor children, a person who is a resident of Germany and an alien, and who now files an application in which he accepts such appointment, and prays that letters of testamentary guardianship may issue to him. In Re Taylor, 3 Redf. Sur. 259, it was held by Surrogate Calvin that nonresident aliens, who were appointed by the will of a resident testator guardians of his minor child, were, nevertheless, not entitled to letters of testamentary guardianship. The application in that case was made pursuant to the provisions of Laws 1877, c. 206, then in force. The provisions of that act are now incorporated in sections 2851, 2852, Code Civ. Proc., and Mr. Throop, in his note to the first-named section, published in his Annotated Code (page 694), says that "the effect of the act of 1877, and doubtless of the revision thereof in this article, is that letters of guardianship cannot be issued to a nonresident, although he is appointed guardian by will"; citing In re Taylor, supra. I shall follow these authorities, and therefore deny the application made herein.

Application denied.

(25 Misc. Rep. 136.)

## In re LAWYERS' SURETY CO. OF NEW YORK.

(Surrogate's Court, New York County. November, 1898.)

EXECUTORS AND ADMINISTRATORS—BONDS—RELEASE OF SURETIES.

Code Civ. Proc. § 2600, authorizing sureties on administrators' bonds to apply to be released from future responsibility, does not apply to a bond for the sale of realty given under section 2766, where the proposed penalty for failure to give new sureties is the vacation of the decree of sale, and the evidence shows that no future breach can occur, and that the duties for the performance of which the bond was given cannot be performed, and hence that a new bond would not be proper; since section 2601 prescribes as a penalty a revocation of the letters if new sureties are not furnished.

Petition by the Lawyers' Surety Company of New York to be relieved from further liability on the bond of Mary F. Hanifin, administratrix of the estate of Margaret McCormick, deceased. Petition denied.

Norwood & Dilley, for petitioner.

Ronald K. Brown, for administratrix.

ARNOLD, S.   The application of the petitioner to be released as surety upon the respondent's official bond as administratrix is granted, conditioned upon the filing of a bond with new sureties within five days from the service of the order herein upon her or her attorney, in default of which letters will be revoked.   As to the application made for the release of the surety from the obligation of the bond given by the respondent under section 2766 of the Code of Civil Procedure, I doubt whether, notwithstanding the general language used in section 2600, its provisions apply to such a bond.   The penalty prescribed by section 2601 in the event that new sureties are not furnished is the revocation of the respondent's letters.   This would be appropriate where the sureties are on a bond required in order to obtain or retain letters, and to continue the management and custody of the estate, but not in a case like the present one.   The proposed order does not contain any provision for such revocation, but one for vacating the decree for the sale of the decedent's real estate in case new sureties are not furnished.   I know of no authority for such a direction here. As the ultimate object of proceedings under section 2600 is to procure the release of the surety from responsibility on account of any future breach of the conditions of the bond, and in this case it is shown by the answering affidavit, and not denied by the petitioner, that no breach of the condition of this bond has occurred, or can possibly occur in the future, and as the duties to secure the faithful performance whereof by the principal the bond was given are now impossible of performance, no direction for the filing of a new bond would be proper.

Application denied.